UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

SEATTLE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>KENNETH PEER,<br><br>    Defendant. | Case No. 2:17-CV-01865<br><br>**COMPLAINT** |

Plaintiff Securities and Exchange Commission ("the Commission") alleges:

## SUMMARY OF THE ACTION

1.  In July and August 2015, Defendant Kenneth Peer engaged in insider trading in the securities of zulily, Inc. ("Zulily"). Peer, a licensed therapist in the state of Washington, misappropriated nonpublic information disclosed in confidence by his patient, a Zulily employee, relating to Zulily's impending acquisition by Liberty Interactive Corp. ("Liberty Interactive"). Peer used this material information to place illegal trades in Zulily securities before the acquisition was announced to the public.

COMPLAINT
*SEC V. PEER* (NO. 2:17-CV-01865)

1

**Securities and Exchange Commission**
44 Montgomery Street, Suite 2800
San Francisco, California 94104
(415) 705-2500

2. Before the market opened on August 17, 2015, Zulily announced that it had agreed to be acquired by Liberty Interactive for $18.75 per share in a tender offer. On the day of the announcement, the closing price of Zulily stock rose by 49% from the previous day's close. Peer sold the Zulily securities that he had purchased before the announcement and reaped illegal profits of $10,228.

3. Peer violated and, unless restrained and enjoined by this Court, will continue to violate Sections 10(b) and 14(e) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78j(b), 78n(e)] and Rules 10b-5 and 14e-3 thereunder [17 C.F.R. §§ 240.10b-5, 240.14e-3].

## JURISDICTION AND VENUE

4. The Commission brings this action pursuant to Sections 21(d), 21(e), and 21A of the Exchange Act to enjoin the acts, practices, and courses of business alleged in this Complaint, and to obtain disgorgement, prejudgment interest, civil money penalties and such other and further relief as the Court may deem just and appropriate [15 U.S.C. §§ 78u(d), 78u(e), and 78u-1].

5. This Court has jurisdiction over this action pursuant to Sections 21(d), 21(e), 21A, and 27 of the Exchange Act [15 U.S.C. §§ 78u(d), 78u(e), 78u-1, and 78aa].

6. Defendant, directly or indirectly, made use of the means or instrumentalities of interstate commerce, or of the mails, or of the facilities of a national securities exchange, in connection with the transactions, acts, practices, and courses of business alleged herein.

7. Venue is proper in this District pursuant to Section 27 of the Exchange Act [15 U.S.C. § 78aa]. Certain of the acts, practices, courses of business, and transactions constituting the violations alleged herein occurred within the Western District of Washington. Pursuant to Local Civil Rule 3(e)(1), assignment to the Seattle Division is appropriate because a substantial part of the relevant conduct occurred in King County.

COMPLAINT
*SEC V. PEER* (NO. 2:17-CV-01865)

2

Securities and Exchange Commission
44 Montgomery Street, Suite 2800
San Francisco, California 94104
(415) 705-2500

**DEFENDANT**

8. **Kenneth Peer**, age 43, is a resident of Seattle, Washington. At the time of the events alleged herein, Peer was self-employed and practiced as a Licensed Mental Health Counselor in Seattle.

**RELEVANT ENTITIES**

9. **Zulily** was an e-commerce and retail company incorporated in Delaware with its principal place of business in Seattle, Washington. On August 17, 2015, Zulily announced that it had agreed to be acquired by Liberty Interactive for $18.75 per share in a tender offer. Until October 1, 2015, when the acquisition was consummated, Zulily's common stock was registered under Section 12(b) of the Exchange Act [15 U.S.C. § 78*l*] and listed on the NASDAQ Stock Market under the ticker "ZU."

10. **Liberty Interactive** is a media holding company engaged in video and digital commerce incorporated in Delaware with its principal place of business in Englewood, Colorado. Liberty Interactive's common stock is registered under Section 12(b) of the Exchange Act [15 U.S.C. § 78*l*] and listed on the NASDAQ Stock Market under the ticker "QVCA."

**FACTUAL ALLEGATIONS**

11. From approximately January 2014 to November 2015, Peer provided counseling services to a patient who was an employee at Zulily.

12. When Peer began counseling the Zulily employee in 2014, Peer provided the patient with a "Therapist Information and Disclosure Statement" that provided assurance of Peer's obligation to maintain the confidentiality of the information shared by the patient during counseling sessions. Licensed counselors in the state of Washington are also bound by state laws, Washington Department of Health rules, and codes of ethics of their professional organizations to keep information shared by patients confidential.

13. In or around April 2015, executives from Zulily and Liberty Interactive met and discussed potential strategic opportunities, including a possible acquisition of Zulily by Liberty

COMPLAINT
*SEC V. PEER* (NO. 2:17-CV-01865)

3

Securities and Exchange Commission
44 Montgomery Street, Suite 2800
San Francisco, California 94104
(415) 705-2500

Interactive. In or about May 2015, Zulily and Liberty Interactive executives met numerous times to discuss the potential acquisition.

14. In or around June 2015, in the course of obtaining counseling services, the Zulily employee told Peer about the potential acquisition of Zulily.

15. On July 3, 2015, Liberty Interactive sent Zulily a non-binding proposal to acquire Zulily for a price between $17.50 and $19 per share.

16. In July 2015, after confirming with Peer that everything discussed during their counseling sessions would remain confidential, the Zulily employee disclosed to Peer that Zulily was in discussions to be acquired by Liberty Interactive.

17. On July 21, 2015, after a counseling session with the Zulily employee, Peer liquidated some of his other stock holdings, deposited $6,000 in his brokerage account, and purchased 1,084 Zulily shares for about $14,000. On July 24, 2015, after another counseling session with the Zulily employee, Peer sold nearly all of his non-Zulily stock holdings and purchased an additional 528 Zulily shares for about $7,000. On August 10, 2015, again after a counseling session with the Zulily employee, Peer deposited an additional $6,000 in his brokerage account and purchased 440 more Zulily shares. In total, between July 21 and August 10, 2015, Peer purchased 2,052 Zulily shares for more than $28,000.

18. Before the market opened on August 17, 2015, Zulily announced that it had agreed to be acquired by Liberty Interactive for $18.75 per share in a tender offer. When trading commenced, Zulily's stock price jumped sharply, and at the end of the trading day closed at $18.74, a 49% increase over the prior day's closing price of $12.57. The number of Zulily shares traded on August 17 was nearly 15 times the stock's average daily trading volume. At 9:49 a.m., shortly after the market opened on August 17, Peer sold all of his Zulily stock for a profit of $10,227.73.

19. At the time of the relevant conduct described above, Peer acted with scienter. He traded Zulily stock on the basis of material nonpublic information and he knew, or was reckless in not knowing, that the information was material and nonpublic.

COMPLAINT
*SEC V. PEER* (NO. 2:17-CV-01865)

4

**Securities and Exchange Commission**
44 Montgomery Street, Suite 2800
San Francisco, California 94104
(415) 705-2500

20. Peer knew, or was reckless in not knowing, that he owed his patient a duty to maintain the confidentiality of information shared as part of the patient-therapist relationship. By trading based on the material nonpublic information disclosed by the Zulily employee, Peer breached a duty of trust or confidence to his patient.

21. At the time Peer purchased Zulily securities, a substantial step or steps to commence the tender offer had been taken.

## FIRST CLAIM FOR RELIEF

**Violation of Section 10(b) of the Exchange Act and Rule 10b-5 Thereunder**

22. The Commission realleges and incorporates by reference paragraphs 1 through 21 as though fully set forth herein.

23. By engaging in the conduct described above, Peer, in connection with the purchase or sale of securities, directly or indirectly, by the use of the means or instrumentalities of interstate commerce, or of the mails, or of the facilities of a national securities exchange, with scienter:

   (a) employed devices, schemes, or artifices to defraud;

   (b) made untrue statements of material fact or omitted to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and/or

   (c) engaged in acts, practices, or courses of business which operated or would operate as a fraud or deceit upon other persons, including purchasers and sellers of securities.

24. By engaging in the foregoing conduct, Peer violated Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

## SECOND CLAIM FOR RELIEF

**Violation of Section 14(e) of the Exchange Act and Rule 14e-3 Thereunder**

25. The Commission re-alleges and incorporates by reference Paragraphs 1 through 21 above as if they were fully set forth herein.

COMPLAINT
*SEC V. PEER* (NO. 2:17-CV-01865)

5

Securities and Exchange Commission
44 Montgomery Street, Suite 2800
San Francisco, California 94104
(415) 705-2500

26. By engaging in the conduct described above, Peer, prior to the public announcement of the tender offer, and after a substantial step or steps to commence the tender offer had been taken, while in possession of material information relating to the tender offer, which information he knew or had reason to know was nonpublic and had been acquired directly or indirectly from the offering company, Zulily, or any officer, director, partner, employee, or other person acting on behalf of the offering company or Zulily, purchased or caused to be purchased or sold or caused to be sold the securities sought or to be sought by such tender offer.

27. By reason of the actions alleged herein, Peer violated and, unless restrained and enjoined, will continue to violate Section 14(e) of the Exchange Act [15 U.S.C. § 78n(e)] and Rule 14e-3 thereunder [17 C.F.R. § 240.14e-3].

**PRAYER FOR RELIEF**

WHEREFORE, the Commission respectfully requests that this Court:

I.

Permanently restrain and enjoin Defendant from, directly or indirectly, violating Sections 10(b) and 14(e) of the Exchange Act [15 U.S.C. §§ 78j(b), 78n(e)] and Rules 10b-5 and 14e-3 thereunder [17 C.F.R. §§ 240.10b-5, 240.14e-3];

II.

Order Defendant to disgorge all ill-gotten gains or unjust enrichment derived from the activities set forth in this Complaint, together with prejudgment interest thereon;

III.

Order Defendant to pay a civil monetary penalty under Section 21A of the Exchange Act [15 U.S.C. § 78u-1]; and

///
///
///
///
///

COMPLAINT
*SEC V. PEER* (NO. 2:17-CV-01865)
6
Securities and Exchange Commission
44 Montgomery Street, Suite 2800
San Francisco, California 94104
(415) 705-2500

IV.

Grant such other and further relief as this Court may deem just and appropriate.

Dated:  December 14, 2017

Respectfully submitted,

*/s/ Alice L. Jensen*
Alice L. Jensen (Conditionally Admitted Pursuant to LCR 83.1(c)(2))
Securities and Exchange Commission
44 Montgomery Street, Suite 2800
San Francisco, California  94104
Telephone:  (415) 705-2500
Facsimile:  (415) 705-2501
Email:  JensenA@sec.gov
*Attorney for Plaintiff Securities and Exchange Commission*

COMPLAINT
*SEC V. PEER* (NO. 2:17-CV-01865)

7

**Securities and Exchange Commission**
44 Montgomery Street, Suite 2800
San Francisco, California 94104
(415) 705-2500